# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CR418-026 |
| | ) | |
| ROBERT KIMBLE, | ) | |
| | ) | |
|     Defendant. | ) | |

# ORDER

After nabbing Robert Kimble on suspicion of bank robbery, police investigators determined that a latent fingerprint lifted from the getaway vehicle matched Kimble's right middle fingerprint. Doc. 51 at 2-3; doc. 57 at 2-3. Kimble now seeks to exclude that fingerprint analysis on the ground that it is not sufficiently reliable to pass muster under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Kimble concedes that fingerprint comparison analysis has been upheld by the Eleventh Circuit post-*Daubert*. Doc. 51 at 1. He contends, however, that more recent scientific studies have demonstrated that the false positive rates under traditionally-accepted fingerprint methodology are much higher than previously assumed, thus casting doubt on the reliability of such evidence. *Id.* at 3-7. All this he wants to flesh out in

a *Daubert* hearing.

Kimble has not demonstrated the need for a *Daubert* hearing. It is undisputed that the Government's fingerprint expert used the Analysis, Comparison, Evaluation, and Verification ("ACE-V") methodology in comparing Kimble's known fingerprints to the print lifted from the getaway vehicle. Doc. 51 at 1, 3; doc. 57 at 3. Numerous federal courts have held that that method of fingerprint comparison is widely recognized as reliable in both the scientific and judicial communities. *United States v. John*, 597 F.3d 263, 274-75 (5th Cir. 2010) (because fingerprint evidence is sufficiently reliable to satisfy Rule 702, a district court may dispense with a *Daubert* hearing); *United States v. Pena*, 586 F.3d 105, 111 (1st Cir. 2009) (district court did not err in declining to hold a *Daubert* hearing before admitting fingerprint evidence); *United States v. Crisp*, 324 F.3d 261 (4th Cir. 2003) (describing latent fingerprint methodology as a "long-accepted form of expert evidence" and "bedrock forensic identifier" relied upon by courts for the past century); *United States v. Abreu*, 406 F.3d 1304, 1307 (11th Cir. 2005); *United States v. Scott*, 403 F. App'x 392, 398 (11th Cir. 2010).

Kimble cites to a September 2016 report from the President's

Council of Advisors on Science and Technology (PCAST Report) (entitled "Forensic Science in Criminal Courts: Ensuring Validity of Feature-Comparison Methods 95"), which pointed to the dearth of rigorous scientific studies of fingerprint analysis techniques and noted that the best studies have found the error rate varies from 1 in 306 in one study to 1 in 18 in another. Doc 51 at 2 n. 1. Kimble reasons that the PCAST Report undermines the reliability of the principles and methods used by the examiner in this case. *Id*. at 3-7. Kimble, however, neglects to mention that an addendum to the PCAST Report specifically recognizes the ACE-V method to be both "scientifically valid" and "reliable." Add. at 2. Other courts have expressed their dismay at receiving similar (if not identical) briefs from defense counsel that leave out this critical finding by the distinguished scientific panel that issued the PCAST report. *See, e.g., United States v. Lundi*, 2018 WL 3369665 at *3 (E.D.N.Y. July 10, 2018). Such an "oversight" is not the proper way to practice law before this Court.

Kimble, just like the defendant in *Lundi*, is challenging "the application of [fingerprint analysis] science to the specific examinations conducted in this case." Id at *2. As that court and others have held

(even after the issuance of the PCAST Report), the scientific validity and reliability of the ACE-V methodology is so well established that it is not necessary for a district court to conduct a *Daubert* hearing prior to the admission of such expert evidence at trial. *Lundi*, 2018 WL 3369665 at *3; *United States v. Pitts*, 2018 WL 1116550 at *4-5 (E.D.N.Y. Feb. 26, 2018); *United States v. Bonds*, 2017 WL 4511061 at *2 (N.D. Ill. Oct. 10, 2017); *see John*, 597 F.3d at 274-75 (district court not required to hold a *Dabuert* hearing prior to determining the admissibility of fingerprint evidence). Kimble's challenge goes to the weight of the proposed evidence, *not* its admissibility. *Lundi*, 2018 WL 3369665 at *3-4; *Pitts*, 2018 WL 1116550 at *4-5. He can expose any weaknesses in the Government expert's application of ACE-V methodology on cross examination without the court having to expend its scarce judicial resources conducting a pretrial hearing. *See United States v. Cooper*, 91 F. Supp. 2d 79, 82 (D.D.C. 2000).

Kimble also cites to the 2009 report by the Committee on Identifying the Needs of the Forensic Science Community at the National Academy of Sciences (NAS Report) (entitled "Strengthening Forensic Science in the United States: A Path Forward"), which disputed

4

fingerprint experts' authority to testify that two fingerprint impressions absolutely match. Doc. 51 at 8. Here, too, the NAS Report's general criticism of the methodology does not oblige a *Daubert* hearing. *United States v. Stone*, 848 F. Supp. 2d 714, 719 (E.D. Mich. 2012) (because general "criticisms of the ACE-V procedure and concerns about the risks of error such as false positive identifications go to the weight of the evidence and can be explored on cross-examination and/or through presentation of competing evidence," a hearing was not required despite defendant's citation to the NAS report); *see also John*, 597 F.3d at 274-75 (without "novel challenges" to admissibility, no evidentiary hearing is warranted); *Pena*, 586 F.3d at 110-11 (same); *United States v. Mitchell*, 365 F.3d 215, 246 (3d Cir. 2004) (same).

Kimble's request for a *Daubert* hearing on the admissibility of the latent fingerprint evidence (doc. 51) is **DENIED.**[1] The Court may revisit the issue during trial if defendant raises specific objections to the reasoning and methods that form the Government expert's opinion. Kimble may expose any flaws in the fingerprint expert's application of the

---

[1] Because this Order involves nondispositive matters, any written objections must be filed within 14 days to be considered by the District Judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(a); *see United States v. Carpenter*, 2014 WL 6962703 (E.D. Tenn. Dec. 8, 2014).

ACE-V methodology on cross-examination at trial.

**SO ORDERED,** this  16th  day of August, 2018.

_/s/ J.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA